UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVION CORP.,

Plaintiff,

v.

JUSTIN ZIMLINGHAUS AND SAGE INTEGRATION HOLDINGS, LLC,

Defendants.

25 Civ. 4773 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Pavion Corporation brings various claims against Defendants Justin Zimlinghaus and Sage Integration Holdings, LLC ("Sage") arising from, *inter alia*, Defendants' alleged poaching of Pavion's business with Verizon Sourcing LLC. Defendants have moved to dismiss Pavion's claims for conversion, misappropriation of trade secrets, tortious interference with prospective economic advantage, and unfair competition. *See* Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem."), ECF No. 24. For the reasons below, Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. Specifically, the motion is granted as to Pavion's conversion claim and that claim is dismissed, but the motion is denied as to all other claims.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)).[1] In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 230 (E.D.N.Y. 2013) ("Although this Court must accept the factual allegations set forth in Plaintiffs' complaint as true, threadbare recitals and conclusory statements unsupported by specific facts are not entitled to such credence").

**DISCUSSION**

Upon review of the parties' briefing, the Court concludes that, for purposes of surviving a 12(b)(6) motion to dismiss, Pavion has adequately stated the elements of its claims for misappropriation of trade secrets, tortious interference with prospective economic advantage, and unfair competition, and that its unfair competition claim is not duplicative of its misappropriation of trade secrets claim. The motion to dismiss is therefore denied with respect to those claims. The Court, however, reaches a different conclusion with respect to Pavion's conversion claim, and therefore discusses it briefly here.

Conversion is the exercise of "unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (citation omitted). New York law "recognizes that money is the sort of property that may be the subject of a conversion action," so long as the money is held in a "specific, identifiable fund and subject to an obligation to return or otherwise treat in a particular

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

manner the specific fund in question." *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 147 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). "[C]onversion occurs when funds designated for a particular purpose are used for an unauthorized purpose." *Petrone v. Davidoff Hutcher & Citron, LLP*, 150 A.D.3d 776, 777, 54 N.Y.S.3d 25 (2d Dep't 2017) (internal quotation marks and citation omitted).

Pavion's conversion claim is based on its allegations that Zimlinghaus traveled to meet with Sage as part of their efforts to poach Pavion's business, rather than for Pavion's company business, and that Zimlinghaus was reimbursed almost $4,000 for this trip. *See* First Am. Compl. ("FAC") ¶¶ 39-40, ECF No. 23.[2] Defendants, however, note that a conversion claim regarding allegedly misappropriated money requires that the funds in question be subject to an obligation to be returned, or to be treated in a particular manner. *See* Defs.' Mem. at 4-5; *cf. Citadel Mgmt., Inc.*, 123 F. Supp. 2d at 147. Here, although Zimlinghaus's alleged conduct certainly seems wrongful, Pavion does not allege that the travel reimbursement funds provided to Zimlinghaus were subject to an obligation to be returned; nor do they assert that he was obliged to treat the funds in some particular manner.

While misusing corporate funds to pay for personal expenses can be a form of conversion, such cases have involved situations where a defendant had access to the plaintiff's funds and made unauthorized expenditures with them. *See, e.g.*, *World Ambulette Transportation, Inc. v. Kwan Haeng Lee*, 161 A.D.3d 1028, 1030, 78 N.Y.S.3d 137 (2d Dep't 2018). Pavion can point to no cases sustaining a conversion claim where, as here, a plaintiff transferred funds to a defendant without any expectation that the funds be returned or used for a specific purpose. Accordingly,

[2] These facts are taken from the First Amended Complaint and assumed to be true for purposes of adjudicating the Motion. *See Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023).

the allegations in this case do not amount to the tort of conversion, and that claim is therefore dismissed.

**CONCLUSION**

For the reasons stated above, the Motion to Dismiss is **GRANTED** with respect to Pavion's conversion claim, but **DENIED** with respect to all other claims.

The parties are directed to file a joint status letter within seven (7) days of the date of this Order that: (1) states whether the parties seek a referral to the District's Mediation Program or a settlement conference before the assigned Magistrate Judge; and (2) describes any other matters the parties wish to address.

The Clerk of Court is respectfully requested to terminate ECF No. 24.

SO ORDERED.

Dated: July 8, 2026

New York, New York

DALE E. HO
United States District Judge